UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROHM SEMICONDUCTOR USA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MAXPOWER SEMICONDUCTOR, INC.,<br><br>Defendant. | Case No. 20-cv-06686-VC<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 41 |

MaxPower's motion to compel arbitration is granted. MaxPower's and Rohm Co.'s Technology License Agreement (TLA) binds Rohm Co.'s subsidiaries, including Rohm USA. The TLA incorporates the California Code of Civil Procedure into its arbitration provision. The applicable section provides: "The arbitral tribunal may rule on its own jurisdiction, including ruling on any objections with respect to the existence or validity of the arbitration agreement . . . ." Cal. Civ. Proc. Code § 1297.161. That type of language has repeatedly been held to clearly and unmistakably delegate the question of arbitrability to the arbitrator. *See Oracle America, Inc. v. Myriad Group A.G.*, 724 F.3d 1069 (9th Cir. 2013); *Loewen v. McDonnell*, 403 F. Supp. 3d 832 (N.D. Cal. 2019); *Dream Theater, Inc. v. Dream Theater*, 124 Cal. App. 4th 547 (2004); *see also Henry Schein, Inc. v. Archer and White Sales, Inc.*, 139 S. Ct. 524 (2019). MaxPower's motion is thus granted, and the case is dismissed without prejudice. *See Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1073-74 (9th Cir. 2014).[1]

---

[1] MaxPower's motion to seal, filed in conjunction with its motion to compel, is also granted. *See* Docket No. 42.

**IT IS SO ORDERED.**

Dated: February 4, 2021

VINCE CHHABRIA
United States District Judge